UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI



**SHERIF AHMED ABOUL-MAGD**, Plaintiff

v.

**JUDGE LUKE BOYER, in his official and individual capacity**

**DANIEL ERWIN, in his official and individual capacity**

**EMILY A. TAYLOR, in her official and individual capacity**

**THERESA KENNEY, in her official and individual capacity**

**JASPER COUNTY, MISSOURI**

**THE BUCHANAN LAW FIRM, LLC**

Defendants

Case No.:

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND RACKETEERING (18 U.S.C. § 1962)**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is a civil rights and RICO lawsuit under 42 U.S.C. § 1983 and 18 U.S.C. § 1962 against Jasper County officials and legal professionals who conspired to deprive Plaintiff of his constitutional rights.

2. Defendants have weaponized the criminal and family court system to unlawfully strip Plaintiff of his parental rights and constitutional protections through a pattern of fraud, false allegations, witness tampering, and judicial misconduct.

3. This lawsuit seeks compensatory and punitive damages, injunctive relief, and an independent federal investigation into Jasper County's corrupt legal system.

**JURISDICTION & VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 & 1343 (Federal Question & Civil Rights Jurisdiction) and 18 U.S.C. § 1964 (RICO Jurisdiction).

5. Venue is proper in the Western District of Missouri under 28 U.S.C. § 1391(b) because all actions occurred in Jasper County, Missouri.

6. The United States Supreme Court has repeatedly held that parental rights are a fundamental constitutional right protected under the Fourteenth Amendment (Troxel v. Granville, 530 U.S. 57, 2000).

7. This case is not a simple family law matter; it is a civil rights and corruption case involving clear violations of federal law.

**PARTIES**

**Plaintiff:**

8. Sherif Ahmed Aboul-Magd is a Missouri resident and biological father who has been unlawfully denied access to his children through judicial misconduct and due process violations.

**Defendants:**

9. Judge Luke Boyer – Jasper County Circuit Judge who deliberately delayed hearings, ignored motions, and allowed unlawful custody modifications.

10. Daniel Erwin (Guardian ad Litem) – Admitted on tape to punishing Plaintiff out of personal bias and facilitating fraudulent legal actions.

11. Emily A. Taylor (Attorney) – Engaged in witness coaching, fabricated legal claims, and illegally modified custody orders without a judge's approval.

12. Theresa Kenney (Prosecutor) – Filed false criminal charges against Plaintiff as a strategic weapon to interfere with family court proceedings.

13. Jasper County, Missouri – The county is liable for systemic constitutional violations, corruption, and misconduct within its judicial system.

14. The Buchanan Law Firm, LLC – Engaged in a pattern of fraudulent legal tactics to interfere with Plaintiff's rights.

## FACTUAL ALLEGATIONS

### A. Criminal Charges Were Filed as a Legal Strategy to Block Custody

15. Plaintiff had **60+ successful supervised** visits and was set to receive unsupervised custody of his children.

16. On September 5, 2024, Plaintiff's ex-wife, Sophia Abdul-Hamid, made delayed abuse allegations after speaking with Emily Taylor.

17. Prosecutor Theresa Kenney filed charges 7+ months after the alleged incidents, just in time to prevent Plaintiff from gaining more custody.

18. Plaintiff's former attorney, Tracey Martin, was recorded stating that the criminal charges were a "strategy" used to interfere with custody proceedings (See Exhibit H).

### B. RACKETEERING (RICO) VIOLATIONS

19. Defendants engaged in a pattern of racketeering activity, including:

Wire Fraud (18 U.S.C. § 1343) – Used email and digital communication to manipulate custody outcomes.

Obstruction of Justice (18 U.S.C. § 1503) – Deliberately delayed court rulings to keep Plaintiff from regaining custody.

Retaliation Against a Witness (18 U.S.C. § 1513) – Punished Plaintiff for exposing GAL Erwin's misconduct.

## C. GAL Daniel Erwin Abused His Power & Admitted Retaliation Against Plaintiff

20. On February 13, 2025, Plaintiff engaged in a recorded conversation with Guardian ad Litem Daniel Erwin, in which Erwin made several statements proving his clear bias and abuse of power. (See Exhibit D).

21. During the conversation, Erwin admitted that Plaintiff was being punished, not for any safety concerns, but simply because Erwin had the power to do so.

22. In response to Plaintiff asking why he was still on supervised visits despite 60+ successful sessions, Erwin stated:

- **"You're getting punished by me. Because I can."**
- **"Your opinion means nothing to me."**
- **"You'll stay on supervised visits until the next court hearing."**

23. Erwin refused to provide any legal justification for his actions, instead relying on personal bias and retaliatory motives.

24. This conversation confirms that Plaintiff's supervised visits were not based on child safety or court orders, but rather on Erwin's personal vendetta.

## D. Emily Taylor & Prosecutor Theresa Kenney Used Criminal Charges to Manipulate Custody

25. On February 13, 2025, Attorney Tracey Martin confirmed in a recorded phone call that Plaintiff's criminal charges were initiated as a custody strategy, not because of an actual crime. (See Exhibit G).

26. Martin stated that Plaintiff's ex-wife took recordings to Emily Taylor, who then brought them to the prosecutor to initiate charges.

27. At no point was Plaintiff's side of the case considered before charges were filed, violating due process and the presumption of innocence.

28. This recording proves that Defendants conspired to weaponize criminal charges to justify restricting Plaintiff's custody rights, which constitutes obstruction of justice under federal law.

### E. Defendants' Actions Caused Severe Financial Harm to Plaintiff

29. As a direct result of the unlawful actions by Defendants, including false criminal charges, unlawful custody modifications, and financial coercion, Plaintiff suffered severe economic harm, including the loss of his business.

30. Plaintiff was the owner of MacCheesy's, a restaurant located in Joplin, Missouri. Due to Defendants' coordinated legal attacks, financial strain, and reputational harm, Plaintiff was forced to close the restaurant, resulting in significant financial losses.

31. Plaintiff's legal expenses, court-imposed financial obligations, and inability to fully operate his business were deliberately inflicted by Defendants to weaken his ability to fight for his parental rights.

32. This financial destruction was part of a broader effort to punish Plaintiff for challenging judicial misconduct and fighting for custody of his children.


### CLAIMS FOR RELIEF


**COUNT I – VIOLATION OF 14TH AMENDMENT (DUE PROCESS) (42 U.S.C. § 1983)**

(Against all Defendants)

- **Plaintiff's parental rights were stripped without due process.**
- **Custody modifications were enforced without a court order.**


**COUNT II – VIOLATION OF 14TH AMENDMENT (EQUAL PROTECTION) (42 U.S.C. § 1983)**

(Against Judge Boyer & GAL Erwin)

- **Plaintiff was denied equal treatment compared to his ex-wife.**
- **Jasper County officials retaliated against Plaintiff for challenging their misconduct.**

# COUNT III – RACKETEERING (18 U.S.C. § 1962 – RICO VIOLATIONS)

(Against Jasper County, Emily Taylor, & The Buchanan Law Firm, LLC)

- **A pattern of fraud, perjury, and judicial collusion was conducted over a period of years.**

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Declare** that Defendants violated Plaintiff's constitutional rights.

2. **Issue** an injunction restoring Plaintiff's full parental rights.

3. **Award** compensatory damages of $3,000,000 for financial losses, including the forced closure of Plaintiff's restaurant, emotional distress, and reputational harm.

4. **Award** punitive damages of $2,000,000 against all Defendants to deter future misconduct.

5. **Appoint** a federal investigator to examine Jasper County's legal corruption.

6. **Award** attorneys' fees and costs under 42 U.S.C. § 1988.

7. **Grant** any further relief this Court deems just and proper.

## JURY TRIAL DEMANDED

**Respectfully submitted,**

Sherif Aboul-Magd

138 Park Central Square #312. Springfield MO, 65806

Saa898@gmail.com

417-459-5377

EXHIBITS INCORPORATED BY REFERENCE

**Exhibit A** – Email from Emily Taylor (Feb. 21, 2025, at 8:58 AM) **(Illegal Custody Modification).**

**Exhibit B** – Email from Emily Taylor (Feb. 21, 2025, at 4:52 PM) (Coercion Attempt).

**Exhibit C** – Text Message Confirms Illegal Supervised Visit Change (Feb. 21, 2025, at 9:11 AM).

**Exhibit D** – Certified Transcript of GAL Daniel Erwin's Admission of Retaliation (Feb. 13, 2025).

**Exhibit E** – Email Confirming GAL Erwin Based Custody Decision on Financial Payments (Feb. 5, 2025).

**Exhibit F** – Email Confirming Plaintiff Was Cleared for Unsupervised Visits but Blocked Anyway (Jan. 9, 2025).

**Exhibit G** – Certified Transcript of Attorney Tracey Martin Confirming Criminal Charges Were a Strategy (Feb. 13, 2025).

**Exhibit I** – Certified Transcript of Attorney Tracey Martin Confirming Emily Taylor Convinced Plaintiff's Ex to Claim Abuse (Feb. 21, 2025).

**Exhibit J** – Amended Stipulated Temporary Order (Dec. 18, 2024) (Unfair Custody & Financial Extortion).