
Exhibit J

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT CARTHAGE

FILED
MELISSA HOLCOMB- CLERK
Dec 18 2024
JASPER COUNTY
CIRCUIT COURT

In Re the Marriage of: )
)
Sophia Abdul-Hamid, )
        Petitioner, )
vs. ) Case No. 24AP-FC00260
Sherif Ahmed Aboul-Magd, )
        Respondent. )

## AMENDED STIPULATED TEMPORARY ORDER CONCERNING VISITATION, CHILD SUPPORT, & DISCOVERY MATTERS

Now on this 11th day of December, 2024, this cause comes on for hearing. Petitioner, Sophia Abdul-Hamid, appears in person with her attorney, Emily A. Taylor. Respondent, Sherif Ahmed Aboul-Magd, appears in person with his attorney, Tracey Martin. Guardian ad Litem, Daniel P. Erwin appears on behalf of the minor children. The parties announced a temporary agreement as set forth below on the record.

Now on this date, this Court orders the following in accordance with the parties' temporary agreement.

**Thursday, December 12, 2024, Joint Supervised Visitation:**

1. Respondent shall have a three-hour supervised visitation with the children on Thursday, December 12, 2024. The paternal grandparents of the minor children shall be permitted to attend this supervised visitation. The visitation shall take place at Reaching Hearts, LLC, 1860 W 20th Street, Joplin, MO 64804 and shall be supervised by two Reaching Hearts, LLC supervisors at all times. Respondent and paternal grandparents are prohibited from leaving the Reaching Hearts, LLC facility with either of the minor children. Respondent shall be responsible for payment for the supervisors' services at this visit. All subsequent visitations by paternal grandparents shall be pursuant to the Stipulation for Paternal Grandparent Visitation filed with the Court on September 10, 2024.

**Petitioner's Holiday Trip to Canada with the Children:**

2. Petitioner shall be permitted to travel to Canada with the minor children for the holidays from December 15, 2024 until January 5, 2025. The parties both acknowledge that this trip will cause Respondent to lose 12 hours of supervised visitation.

3. The parties agree that this Temporary Order overrides the provisions of the Stipulated Order for Temporary Visitation entered August 14, 2024 that prohibits Petitioner from removing the children from the United States. This Order specifically allows Petitioner to travel to Canada with the minor children between the dates of December 15, 2024 and January 5, 2025.

**Respondent's Supervised Visitation from January 6, 2024 to February 5, 2025:**

4. Upon Petitioner's return from the holiday trip to Canada and beginning the week of January 6, 2025, the parties agree that in order to make up the missed visitation, Respondent shall receive two 4-hour supervised visitations with the minor children each week. Said visitations will take place at 2719 N. MINNESOTA AVE JOPLIN, MO 64801 and shall be supervised by two Reaching Hearts, LLC supervisors at all times. Respondent is prohibited from leaving the Minnesota residence with the minor children during these supervised visitations.

5. Petitioner shall deliver the children to the Minnesota residence by pulling up curbside on Minnesota Avenue and waiting in her vehicle. The supervisors shall come out and retrieve the children and take them inside. At all times, Respondent shall remain inside the Minnesota Avenue residence until Petitioner departs. At the end of the visit, Petitioner shall return to the Minnesota Avenue residence parking curbside and wait in her vehicle for the supervisors to bring the children out to Petitioner's vehicle. Respondent shall remain inside the Minnesota Avenue residence until the Petitioner

departs with the children. Both parties shall strictly follow this exchange procedure so that there is compliance with the Ex Parte Order of Protection in Case Number 24AP-PN00419.

6. Said supervised visitation schedule shall continue until February 5, 2025. The parties acknowledge that by continuing to allow Respondent increased visitation time up to February 5, 2025, Respondent will receive time that exceeds the time that Respondent will have missed due to Petitioner's trip to Canada. Further, the parties agree that this visitation arrangement expires on February 5, 2025 when the matter will be readdressed.

7. Respondent agrees that he is prohibited from possessing any firearms or having any firearms within the Minnesota Avenue residence during any visitations with the minor children.

8. The parties agree that the following provisions of the Stipulated Order for Temporary Visitation entered August 14, 2024 shall remain in full effect:

    a. Respondent is prohibited from drinking any alcohol within 12 hours of the supervised visitation and prohibited from using any unprescribed or illegal drugs within 24 hours of each supervised visitation.

    b. Said visitations shall be reserved for Respondent only and Respondent is prohibited from bringing any third parties along to said visitations without the advanced agreement of Petitioner or further order of this Court excepted only by the joint visitation to occur December 12, 2024 as outlined in paragraph 1 above.

    c. Reaching Hearts, LLC, shall serve as the supervisor for all visitations and shall have two qualified supervisors present at all times.

    d. Both parties shall be flexible and cooperate with Reaching Hearts, LLC in the scheduling of Respondent's supervised visitations each week as outlined in this

AMENDED STIPULATED TEMPORARY ORDER CONCERNING VISITATION, CHILD SUPPORT, & DISCOVERY MATTERS Page **3** of **6**
Case 3:25-cv-05015-BCW    Document 1-9    Filed 03/11/25    Page 3 of 6

order.

    e. Respondent shall be responsible for the arrangement of all payment for all supervised visitations pursuant to Reaching Hearts, LLC's payment policies.

    f. All parties are prohibited from using any corporal punishment on the children at any time.

**Temporary Child Support Paid to Petitioner:**

9. The parties agree to a temporary child support amount of $1,000.00, payable by Respondent to Petitioner, beginning on December 15, 2024, and on the 15th day of each month thereafter. The parties affirm that the stipulated temporary child support amount is not an admission by either party that said amount should or would be ordered if the case were tried and said amount should not be used in the determination of amount to be ordered if/when the case is tried before the Court. The parties further agree that each has the right to request an order of retroactive support at the time of trial, however, the support paid beginning December 15, 2024 shall be credited toward any order for retroactive support should one be entered.

10. All child support payments shall be paid directly to the Family Support Center, P.O. Box 109002, Jefferson City, Missouri 65110-9002 as trustee for remittance to the person or agency entitled thereto until further order of this Court.

**Discovery Orders:**

11. Both acknowledge the following:

    a. That on or about May 10, 2024, Petitioner filed with the Court a Certificate of Service of Petitioner's First Set of Interrogatories to Respondent and Petitioner's First Request for Production of Documents to Respondent and served a copy of said documents upon Respondent's previous counsel, Mr. Cary C. Selsor, 705

AMENDED STIPULATED TEMPORARY ORDER CONCERNING VISITATION, CHILD SUPPORT, & DISCOVERY MATTERS Page 4 of 6
Case 3:25-cv-05015-BCW   Document 1-9   Filed 03/11/25   Page 4 of 6

Illinois, Box 7, Joplin, Missouri and by email at cselsorlawfirm@gmail.com.

b. That on or about June 11, 2024, counsel for Petitioner emailed to Mr. Cary Selsor, previous counsel for Respondent, a Golden Rule Letter requesting voluntary compliance with the discovery no later than 5:00 p.m. on June 14, 2024.

c. That on or about June 19, 2024, Petitioner filed a Motion to Compel said discovery.

d. That on or about June 19, 2024, Respondent filed a Motion to Enlarge Time to answer said discovery.

e. That on or about June 24, 2024, the Court granted Respondent thirty (30) additional days to answer discovery requests.

f. That on or about August 2, 2024, counsel for Petitioner emailed to Respondent's previous counsel, Mr. Austin Bradley, a Golden Rule Letter requesting voluntary compliance with the discovery on or before August 7, 2024.

g. That on or about August 9, 2024, Petitioner filed a Motion for Sanctions.

h. On or about October 23, 2024, the parties appeared before the Court and voluntarily agreed that the Respondent would produce said discovery within fourteen (14) days from the date of the hearing.

i. That upon the expiration of the additional fourteen (14) days, Respondent failed to produce the discovery answers.

j. That on or about November 13, 2024, Order was entered allowing Respondent's previous attorney, Mr. Austin Bradley, to withdraw.

k. That on or about November 15, 2024, Petitioner filed a Renewed Motion for Sanctions and noticed said Motion up for hearing.

l. That on or about December 9, 2024, attorney Tracey Martin entered as counsel

for Respondent.

m. That on or about December 12, 2024, the parties appeared for hearing on the matter.

12. That the parties stipulated to the following to resolve the discovery matters:

   a. Petitioner is granted a judgment against Respondent in the amount of seven hundred fifty dollars ($750.00) as and for attorney fees. Let execution issue therefor.

   b. Petitioner agrees to an extension of time for Respondent to comply with the discovery requests allowing Respondent until January 15, 2025 to fully comply with discovery.

   c. The further discovery sanction of striking Respondent's pleadings pursuant to Rule 61.02(d)(4) is stayed so long as Respondent fully complies with Petitioner's discovery requests by January 15, 2025.

**BE IT IS SO STIPULATED AND ORDERED.** Date:

_____12/18/2024_____

COURT SEAL OF
JASPER COUNTY

_____
Judge Luke Boyer
Case No. 24AP-FC00260

**Approved as to Form:**

_Emily A. Taylor_
Emily Taylor, attorney for Petitioner

/s/Tracey Martin
Tracey Martin, Attorney for Respondent

_Daniel Erwin_
Daniel Erwin, Guardian ad Litem

AMENDED STIPULATED TEMPORARY ORDER CONCERNING VISITATION, CHILD SUPPORT, & DISCOVERY MATTERS Page 6 of 6
Case 3:25-cv-05015-BCW    Document 1-9    Filed 03/11/25    Page 6 of 6