Exhibit K-14b

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT CARTHAGE

BE IT REMEMBERED, that the following proceedings were had, to-wit:

In Re the Marriage of: )
)
Sophia Abdul-Hamid, )
xxx-xx-6643 )
      Petitioner, )
  vs. ) Case No. 24AP-FC00260
)
Sherif Ahmed Aboul-Magd, )
xxx-xx-2276 )
      Respondent. )

## **TEMPORARY ORDER FOR VISITATION**

On the 6th day of May, 2025, Petitioner, Ms. Sophia Abdul-Hamid, appeared in person and with her attorney, Emily A. Taylor. Respondent, Mr. Sherif Ahmed Aboul-Magd, appeared pro se. Daniel P. Erwin appeared as Guardian Ad Litem for the minor children. After hearing all the evidence and for good cause shown, the Court, now on this date, makes the following findings and orders:

1. Petitioner filed a Petition for Dissolution of Marriage on April 24, 2024 which is pending before this Court.

2. Petitioner has been a resident of the State of Missouri for more than ninety (90) days immediately preceding the commencement of this proceeding and that more than thirty (30) days have elapsed since the filing of the Petition.

3. Petitioner and Respondent are both over the age of eighteen (18) years of age.

4. There were two (2) children born of the marriage, namely;

    Sami Sherif Aboul-Magd      Age 1 year      SSN: xxx-xx-5699
    Rami Sherif Aboul-Magd     Age 1 year      SSN: xxx-xx-1620

5. The minor children resided in the State of Missouri from birth until and including on the date of the filing of the Petitioner for Dissolution of Marriage and have remained residing in Missouri subsequent the filing of the Petition for Dissolution. Thus, this Court has statutory authority to enter a custody order, including temporary orders, in this action pursuant to the UCCJEA, as Missouri has been the home state of the children at all applicable times.

6. This Court finds that Petitioner has proven allegations of domestic violence by a preponderance of the evidence, and the Respondent cannot show that his actions alleged to constitute abuse were otherwise justified under the law.

7. This Court announced oral findings on the record that are incorporated and ordered as if fully stated herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by the Court that:

1. Respondent shall be allowed supervised visitation. Said supervised visitation shall take place at Reaching Hearts, LLC, 1860 W 20th Street, Joplin, MO 64804 and shall be supervised by one Reaching Hearts, LLC supervisor at all times. Respondent shall initiate the supervised visitation and Respondent shall be responsible for all fees associated with the supervised visitation. Visitation supervised by Reaching Hearts, LLC shall continue for thirty (30) days.

2. After thirty (30) days of supervised visitation with Reaching Hearts, LLC, Respondent shall begin to receive visitation to be supervised at all times by paternal grandparents. Said visitation supervised by paternal grandparents shall be commensurate in the frequency and duration with the visitation exercised by Respondent under Reaching Hearts LLC supervision. At no point until Respondent provides the below described psychological evaluation may Respondent have unsupervised visitation.

3. Petitioner is granted permission to travel with the minor children to Canada from August 15, 2025 to and including August 29, 2025 in order to attend the children's maternal aunt's wedding reception.

4. Respondent is ordered to obtain a psychological evaluation by a licensed psychologist. Respondent shall provide notice via email to counsel for Petitioner and the Guardian ad Litem of the professional Respondent intends to use for the psychological evaluation after which counsel for Petitioner and Guardian ad Litem shall have five (5) days to file objections if necessary.

5. Petitioner and Guardian ad Litem are granted ten (10) days from the date that they receive notice of the professional selected to perform the psychological evaluation in which to provide said professional evidence for consideration in the psychological evaluation.

6. Respondent shall sign all HIPAA releases and/or authorizations to allow the professional performing the psychological evaluation to speak with counsel for Petitioner and/or the Guardian ad Litem and/or release information to counsel for Petitioner and/or the Guardian ad Litem.

7. If after evaluation and review of evidence provided by counsel for Petitioner and the Guardian ad Litem, the licensed psychologist performing the psychological evaluation deems that Respondent's psychological condition is such that he does not pose a danger to the minor children in an unsupervised setting, then after providing said recommendation to the Court, Respondent shall immediately transition to unsupervised visitation as outlined below.

- 2 hours of unsupervised visitation every weekend for thirty (30) days;
- 4 hours of unsupervised visitation every weekend for thirty (30) days;
- A single overnight visitation every weekend for thirty (30) days;

- Every other weekend from 5:00 p.m. on Friday until 5:00 p.m. on Sunday every other weekend until trial or further agreement of the parties.

8. The children shall be in Petitioner's custody at all times not specified as Respondent's visitation time.

9. At the point where Respondent is allowed unsupervised visitation, Petitioner may request law enforcement to search Respondent's home to assure that Respondent is compliant with the orders that he possess no firearms.

10. Respondent has been ordered to turn all firearms over to Respondent's father, Dr. Ahmed Aboul-Magd, for keeping and Respondent shall at no time possess firearms until further Court order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court orders the Sheriff or other Law Enforcement Officer to enforce visitation or custody rights unless this Court issues a subsequent order pursuant to chapter 210, 211, 452 or 455 to limit or deny the custody of, or visitations with, the child. Such Sheriff or Law Enforcement Officer shall not remove a child from a person who has actual physical custody of the child unless such sheriff or officer is shown a court order or judgment which clearly and convincingly verifies that such person is not entitled to the actual physical custody of the child, and there are not other exigent circumstances that would give the sheriff or officer reasonable suspicion to believe that the child would be harmed or that the court order presented to the sheriff or officer may not be valid.

The Court shall consider, in a proceeding to enforce or modify a permanent custody or visitation order or judgment, a party's violation, without good cause, of a provision of the parenting plan, for purpose of determining that party's ability and willingness to allow the child frequent and meaningful contact with the other party.

In the event of non-compliance with this order, the aggrieved party may file a verified motion for contempt. If custody, visitation, or third-party custody is denied or interfered with by parent or third party without good cause, the aggrieved person may file a family access motion with the court stating the specific facts that constitute a violation of the custody provisions of the judgment of dissolution, legal separation, or judgment of paternity. The circuit clerk will provide the aggrieved party with an explanation of procedures for filing a family access motion and a simple form for use in filing the family access motion. A family access motion does not require the assistance of legal counsel to prepare and file.

**IT IS SO ORDERED.**

**Dated:** _____    _____

                                                             **The Honorable Kevin L. Selby**
                                                             **Case No. 24AP-FC00260**

APPROVED AS TO FORM:

BUCHANAN, WILLIAMS & O'BRIEN, P.C.

_____
Emily A. Taylor
1105 E. 32nd Street, Suite 5
Joplin, Missouri 64804
Tel: (417) 781-8280
Fax: (417) 781-9706
**ATTORNEY FOR PETITIONER**

_____
Mr. Sherif Aboul-Magd
138 Park Central Square, Suite #312
Springfield, MO 65806
417-459-5377
Saa898@gmail.com
**PRO SE RESPONDENT**

THE LAW OFFICE OF DANIEL PHILLIP ERWIN, LLC

_____
Daniel P. Erwin
420 S. Pearl Ave., Suite 1, P.O. Box 1317
Joplin, Missouri 64801
Tel: (417) 691-8155
Fax: (417) 691-8122
**GUARDIAN AD LITEM**