# EXHIBIT K-22

**Strike Statement – Prepared for May 6, 2025 Hearing**

**Submitted by Sherif Ahmed Aboul-Magd**

**In Support of Docs 17 (Emergency TRO), 19 (Supplement), and 22 (Motion to Stay)**

---

The following written statement was prepared by Plaintiff for delivery during the May 6, 2025 hearing in Case No. 24AP-FC00260. Although Plaintiff was prepared to present this chronology in full, the Court did not permit substantive oral argument, and the statement was not formally entered into the record. Plaintiff now certifies this document and submits it as a truthful and accurate narrative of the retaliatory legal pattern, family court suppression, and constitutional violations underlying the pending federal claims and request for emergency relief.

---

### 1. 145 Days Gone

My sons were 10 days old when they were taken. There was no motion. No hearing. No emergency. For 145 days, I only saw them through a screen, fifteen minutes, twice a week. No visits. No contact. Just silence.

---

### 2. August 29 – Visits Begin

After four months of asking, I was granted my first supervised visit on August 29. It came by email, not motion. I showed up, every time.

---

### 3. October 22 – The Strategy Sprung

On October 22, I was arrested in court. The State filed felony charges that morning, after I had 25+ clean visits, the GAL promised transition, and I had emailed repeatedly for peace. I wasn't arrested because I was dangerous. I was arrested because I was gaining ground. That was prosecution by design.

---

### 4. November 11–15 – Travel Trap and Retaliation

On November 11, Emily Taylor asked for Sophia to take the children to Canada. I respectfully responded on November 15, offering four conditions: transition to unsupervised time, a co-parenting plan, travel safeguards, and restored access to my business tools. Instead of responding, they filed four motions that same day: sanctions, support, contempt, and travel. My cooperation was used as ammunition.

### 5. December 11 – Silenced by Stipulation

I came to court expecting a hearing. Instead, I was kept outside while my attorney, Emily, and the GAL negotiated. No testimony. Just a stipulation that gave Sophia everything. Hours later, I emailed my attorney to object. Two days later, she admitted: "I can't address everything until I've reviewed your file", after already advising me to sign. That stipulation still controls the case.

### 6. January 9 – No Safety Concerns. None.

My attorney confirmed the supervisor reported no safety concerns. She said I was bonding with my sons. My mother was "outstanding" with the boys. Everything supported transition. But no transition came.

### 7. February 13 – They Admitted It

The GAL said to me directly: "You're being punished by me… because I can." My attorney confirmed the abuse narrative was manufactured. Recordings were sent to Emily — then to the prosecutor. That same day, Emily filed a third motion for sanctions, a contempt motion, and a travel motion. The State also filed criminal discovery. All in one day — coordinated retaliation.

### 8. February 21 – Parenting Canceled by Email

On February 21, Emily claimed my order "expired." No motion. No hearing. Just an email to the supervisor and GAL. My in-home visit was canceled 49 minutes before it began. Later that day, Emily emailed me offering a stipulation — to keep supervised visits going. Meanwhile, the supervisor had already cleared me for transition. That was the last time I saw my sons. It's now been 75 days.

### 9. I Did Everything - They Moved the Goalpost

Over 60 clean supervised visits. Voluntary classes. Thousands spent. No incident. No safety concern. Still no transition.

## 10. This Case Never Needed a GAL

There was no finding of abuse. No GAL motion. No safety concern. He was appointed the same day the ex parte was filed, to remove me, not protect anyone.

## 11. There Was Never a Safety Finding

The GAL promised transition after three visits. I did 60. He never filed. He ignored the supervisor's report. He let parenting time be canceled by email. Then he said: "You're being punished by me... because I can." That's not neutrality. That's bias.

## 12. October 22 and April 21 – Same Playbook. Twice.

On April 21, a second criminal charge was filed, based on a peaceful parenting message from December 15. The summons was signed by Judge Nicole Carlton, who had already been disqualified from my custody case weeks earlier. This wasn't an accident. It was a repeat of October 22, timed to prevent progress.

## 13. I Filed. They Ran.

After I filed in federal court, three judges recused from my family case in 72 hours. That doesn't happen when the system is clean. That happens when the truth gets too close.

## 14. The Ask

I'm asking for five things:

1. Reinstate unsupervised parenting time
2. Remove GAL Erwin
3. Strike the third sanctions motion
4. Vacate the December 12 order
5. Declare parenting time cannot be revoked without court order

To deny these, they must overcome:

- 60+ clean visits
- Supervisor saying "he's a capable dad"
- GAL admitting retaliation
- Attorney confirming abuse narrative was coached
- Parenting time canceled by email
- Two criminal charges filed before key hearings

If they have something stronger than that, I'll respond. But if not, the record is enough.

## 15. Closing

There is no finding that I'm dangerous. Not one.

My sons didn't lose their father because of facts. They lost him because of silence.

I followed every rule. Filed every motion. Complied every step.

And I did it while watching my sons grow up through someone else's phone.

This Court isn't being asked to pick sides, it's being asked to correct what was done in silence.

The record has spoken. I'm just here to make sure it's heard.

I don't want control. I want my role back.

**Submitted under penalty of perjury on May 12, 2025**

Sherif Ahmed Aboul-Magd

Pro Se Plaintiff